CARMONA ET AL., DEMANDANTES Y APELANTES, *v.* CUESTA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en causa sobre indemnización de daños y perjuicios.

No. 1430.—Resuelto en abril 5, 1916.

TERCEROS—SENTENCIA—ACCIÓN POR FRAUDE—COSA JUZGADA—MANERA DE PROBARLA.—Cuando una sentencia confirmada en apelación sólo resuelve que el demandado es un tercero de acuerdo con la Ley Hipotecaria, sin entrar a considerar si ha cometido los actos fraudulentos que se le imputan, la mera presentación como prueba, en un pleito subsiguiente, de la sentencia de la corte inferior y de la confirmatoria, no demuestra cuáles fueron las cuestiones propuestas en el primer juicio, y es necesario probar que fueron las mismas en ambas acciones.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Jacinto Texidor.*

Abogados del apelado: *Sres. Muñoz & Brown.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En 21 de marzo de 1910, la Corte de Distrito de San Juan dictó sentencia desestimando una demanda en un caso de reivindicación porque los demandados que estaban en posesión

eran terceros, con derecho a ser protegidos de acuerdo con la Ley Hipotecaria. En la apelación esta Corte Suprema de Puerto Rico en marzo 29, 1912, confirmó la sentencia de la corte inferior, sin perjuicio de que los demandantes puedan ejercitar la acción personal correspondiente contra los supuestos vendedores fraudulentos, por cuyo acto se alega que surgió un título a favor de los demandados y apelados en la susodicha acción.

Subsiguientemente, allá para el día 2 de enero de 1913, establecieron los demandantes la presente acción contra el demandado, alegando los actos fraudulentos a que se ha hecho referencia y reclamando de dicho demandado una indemnización por daños y perjuicios. El demandado formuló su contestación, alegando, entre otras defensas, la prescripción de la acción. La Corte de Distrito de San Juan en esa acción se pronunció en favor de la defensa de prescripción. La sentencia fué revocada en apelación el día 30 de marzo, 1914, 20 D. P. R. 229, y fueron devueltas las actuaciones para ulteriores procedimientos.

Esta vez fué juzgada la causa sobre las negativas generales y especiales del demandado y se dictó sentencia por falta de pruebas. Los demandantes y apelantes se limitaron a ofrecer prueba del valor de la finca, pero en cuanto al fundamento principal de fraude, se contentaron con presentar como prueba la sentencia de la corte de distrito de marzo 21, 1910, y la sentencia confirmatoria de este tribunal de 29 de marzo de 1912. Sin entrar en detalles se ve claro que lo que resolvió este tribunal en 1912 fué que los demandados Soldini y Leitch eran terceros; no resolvió las cuestiones en discusión entre los demandantes y los otros demandados. La sentencia de la corte inferior se basó en esa fecha únicamente en la teoría de que los demandados Soldini y Leitch eran terceros, sentencia que fué confirmada por este tribunal sin ser modificada. Aun en la parte en que se confirma sin perjuicio se siguió solamente un pronunciamiento semejante de la corte inferior. La acción de nulidad y cancelación fué desestimada.

De todos modos, como alega el apelado, la mera presentación de las dos sentencias no mostraba cuáles fueron las cuestiones en discusión en el primer juicio. Debe probarse que las cuestiones son las mismas. *González* v. *Méndez et al.* 15 D. P. R. 701; Black, sobre Sentencias, Sección 614 y siguientes. Los demandantes dejaron de probar su caso en la corte inferior y debe confirmarse la sentencia.

El apelado en su alegato hace referencia al caso de *Carmona* v. *Cuesta,* 20 D. P. R. 229, sobre la cuestión de prescripción. Alega que estaba en pugna con el caso de *Buxó* v. *Martínez,* 18 D. P. R. 1035. El caso de *Buxó* v. *Martínez* fué diferenciado en el de *Carmona* v. *Cuesta, supra.* En el caso de *The People of Porto Rico* v. *Emmanuel,* 235 U. S. 251, solamente se resuelve que la falta o negligencia del tesorero en dicho caso dió lugar a una acción de acuerdo con el artículo 1803 del Código Civil. La acción de los demandantes, como ha dicho este tribunal, surgió por virtud de la misma Ley Hipotecaria en relación con el artículo 1262 del Código Civil. No vemos razón alguna para impugnar la opinión que tuvimos en 1912, y el caso de *Carmona* v. *Cuesta,* 20 D. P. R. 229, es expresamente aprobado.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.